UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GOTSPACE DEVELOPMENT LLC,, | ) |
| | ) |
| Plaintiff, | ) Removed from: Worcester Superior Court |
| | ) Civil Action No. 2285CV0445 |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| SFBC, LLC, ALLEN RABINOW, | ) |
| JUSTIN GELINAS AND GELINAS | ) |
| AND WARD | ) |
| | ) |
| Defendants. | ) |

TO: Clerk of the U.S. District Court for the District of Rhode Island:

PLEASE TAKE NOTICE THAT Nicholas Fiorillo, as Manager of Membership Interest of Gotspace Development, LLC, pursuant to 28 U.S.C. §§§ 1441, 1443 and 1446, Title 42, United States Code § 1983, False Claims Act, as amended, 31 U.S.C. et seq cf. 28 U.S.C. § 2403(a) and the recent and numerous violations of Federal statute, constituting gross violation of his Constitutional, civil rights, and under. hereby removes to this Court the above-captioned State Court action, and all claims and causes of action arising therefrom, from the Worcester Superior Court to the United States District Court for the District of Rhode Island. In support of this removal, Mr. Fiorillo further states as follows:

At issue is the ongoing, systemic chronic bias against a self-represented litigant, whether Plaintiff or Defendant, which has wholly deprived him of his Constitutional, civil rights to due process under the law to a free and fair hearing, as well as the implications of extra-jurisdictional judgments and orders entered by a biased State Court system. Nicholas Fiorillo is no stranger to this injustice system, having been embroiled in multiple iterations of the same unlawful debt collection action with interchangeable plaintiffs all members of a racketeering enterprise formed by associates-in-fact under the backing and control of George Soros.

These facts serve to underscore Fiorillo's contention that no prudent due process or protections afforded him under the Rules of Civil Procedure would be availed to him in Massachusetts courts which have violated both multiple times, preventing Nicholas Fiorillo and his corporations from ever receiving their fair and just day in a Massachusetts court.

Accordingly, based on substantial reasons affecting the public interest, and the interests of justice which dictates that the curtain be pulled back once again, on the Secret Courts of the Commonwealth, Mr. Fiorillo now removes all inextricably related actions to the District of Rhode Island for consolidation, under newly-discovered and wholly different sets of facts which state a new ground for removal.

Three facts are of particular importance to this case: 1) the fact that there are tens of millions of dollars of real property at stake here, which a group of "well-connected" individuals and their counsel, are attempting to unlawfully extort from Nicholas Fiorillo and his corporate entities, seemingly aided and abetted by the Massachusetts courts 2) the public consensus on boundaries defining what is "dangerous" in the context of judicial discretion, and 3) the activities contraindicated by those boundaries. Facts which speak to the nature of the misdeeds of the defendants in this instant action, which Mr. Fiorillo now urgently brings before the public. It is of great public value for any court, in particular courts at the Federal level, to speak on these issues, especially in a manner which deters future bad acts.

Due consideration must be given here, to the extent to which a citizen's rights to everything from his personal property rights to due process rights can be infringed upon, when unsavory and unethical individuals who operate within a criminal Enterprise controlled by someone with the political prominence and clout like George Soros, seek to expropriate assets of that citizen into the tens of millions of dollars, if not beyond. The implications of injustice here are dire, and it would be inappropriate, therefore, to allow such harms inflicted upon Mr. Fiorillo

to proceed, based upon the total disregard of the legal process by this group of racketeers and counsel, which can be described as little more than corrupt to the core.

The goals of the Soros-backed NE Edge Enterprise, are to cheat the legal system and obstruct justice, in order to extrajudicially derail the entire legal process involving Fiorillo and his family, as well as suppress their civil rights, including the right to free speech and due process under the law, all of which have been silenced by Soros backed DA's and disgraced former U.S. Attorney, within the Massachusetts judicial-political-enforcement system, which has systematically conspired to illegally evict the Fiorillos from their homestead. The Secret Courts of the Commonwealth, and the certain Judges who are mere puppets of George Soros, have been on the "secret stage" set by the NE Edge racketeers, who dance to Soros' evil tune in furtherance of the criminal objectives of the Soros-NE Edge Enterprise, to derail the largest public/private Digital Infrastructure project in the history of the United States.

**Jurisdiction and Authority For Removal**

1. There exists both basis in law and fact, namely the fraudulently alleged "facts" and the violation of Defendant's civil rights protections under federal law, for this Court to transmute this Complaint into federal law claims. Given the fact that the state-law claim to be removed is founded in the attempt to collect an unlawful debt, the action has necessarily raised a stated federal issue, one which is actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance. Accordingly, these clear cut federal issues trigger *Grable* jurisdiction. See: Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).

2. Given the historical and inarguable bias shown to self-represented litigants in the Suffolk Superior Court, this Court has clear jurisdiction over this matter, under U.S. Const. Ann. Article III, Section 2, Clause 1. This special civil rights removal statute permits removal of any civil or criminal action by a party who is denied or cannot enforce in the state court, a right under any

law, providing for equal civil rights of a person for any act under color of authority derived from any law providing for equal rights. Mr. Fiorillo emphasizes that such equal civil rights are not confined by race.

3. Under 28 U.S. Code § 1443, actions commenced in a State court by or against any person who is denied or cannot enforce his civil rights in the courts of such State, convey a right under the law providing for the equal civil rights of citizens of the United States, to remove to the district court of the United States.

4. Removal of an action under 28 U.S.C. § 1441(a) based upon the nature of the complaint, in this instant action the attempt to collect an unlawful debt, is properly removed when "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the cause of action." See: Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).

5. While commonplace that removals are made to the district embracing the place wherein it is pending, when judges are shown to be biased against a pro se party to a civil action, they frustrate the fairness of proceedings. This practice, as experienced by this Defendant to an extreme, is so seemingly routine in both federal and state courts, that in September of 2017 a Judge resigned from the Seventh Circuit. His cited reasons were due, in part, to the fact that he felt that "the court wasn't treating pro se litigants fairly, didn't like the pro se's, and generally didn't want to do anything with them." pro se litigants are frequently mistreated in civil litigation and denied a full and fair opportunity to vindicate their claims.

6. The Massachusetts Court System, whether State or Federal, has clearly and chronically demonstrated egregious disregard of this self-represented litigant's due process rights, and in so doing has demonstrated ample sufficiency to have this instant action, and the other false claims filed against Nicholas Fiorillo in an attempt to collect an unlawful debt, taken under review by this Court for violation of Federal laws.

7. The FirstAmendment of the Constitution provides for removal of this action to this Court, under Under 28 U.S. Code § 1441, 28 U.S. Code § 1443, 28 U.S. Code § 1446, 42 U.S.C. § 1983, 42 U.S.C. §1985, U.S. Const. Ann. Article III, Section 2, Clause 1, False Claims Act, as amended, 31 U.S.C. et seq cf. 28 U.S.C. § 2403(a). This pro se litigant stands no chance to have his civil rights to a fair and just hearing upheld in the State or Federal courts of the Commonwealth of Massachusetts, and each of the Federal questions emanating from this action must be addressed for the benefit of the basic rights and civil liberties afforded to all Americans, found under the United States Constitution of America.

Dated: October 12, 2023

Respectfully submitted,

NICHOLAS FIORILLO

/s/ Nicholas Fiorillo_

Nicholas Fiorillo, pro se
Tel: (508)-776-7219
metrowestrealty@yahoo.com